UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE KATHY LAVONE,<br>    *Debtor*.<br>_____<br><br>J. KING CORP.,<br>    *Appellant*,<br><br>vs.<br><br>KATHY LAVONE,<br>    *Appellee*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§       CIVIL ACTION H-06-2164 |

## ORDER

Appellant J. King Corporation (JKC) seeks leave to appeal an interlocutory order issued by the Bankruptcy Court pursuant to 28 U.S.C. § 158(a) (Dkt. 2).  In a bankruptcy adversary proceeding, the Bankruptcy Court vacated a judgment against Meineke Car Care Center and a directed verdict in favor of the other defendants, including JKC.  "Meineke Car Care Center" is not a separate legal entity from JKC; it is merely a trade-name used by JKC.  Because of the apparent confusion, the Bankruptcy Court vacated the judgment pursuant to Federal Rule of Civil Procedure 60(b) and has determined that a new trial is appropriate.  JKC appeals this order.

In determining whether to grant leave to enter an interlocutory appeal pursuant to 28 U.S.C. § 158(a), the majority of district courts in the Fifth Circuit look to the standard from 28 U.S.C. § 1292(b), namely: (1) a controlling issue of law must be present; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation.  *See Ichinose v. Homer Nat. Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991); *In re Tile Outlet, Inc.*, 2006 WL 1716125, at *6-*7 (S.D. Tex. 2006); *In re Efficient Solutions, Inc.*, 2000 WL 1515174, at *1 (E.D. La. 2000); *Powers v. Montgomery*, 1998

WL 159944, at *2 (N.D. Tex. 1998). Courts will hear an interlocutory appeal only under circumstances that justify overriding the general policy of not allowing such appeals. *See Efficient Solutions*, 2000 WL 1515174, at *1; *Powers*, 1998 WL 159944, at*2.

The court concludes that JKC does not satisfy the section 1292(b) standard. JKC does not proffer any argument that there is a controlling issue of law at issue over which there is a substantial difference of opinion or that an appeal of the Bankruptcy Court's ruling will materially advance the ultimate termination of this litigation.

Accordingly, the motion for leave to appeal is DENIED.

Signed on August 10, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge